FILED
2011 Jun-14  AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **OWNERS INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 4:09-CV-1989-VEH** |
| | ) | |
| **RICHARD BALLEW, INDIVIDUALLY AND D/B/A QUALITY CONSTRUCTION; BOBBY ELROD AND NANCY ELROD,** | ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Plaintiff Owners Insurance Company ("Owners") initiated this insurance coverage declaratory judgment dispute on October 6, 2009. (Doc. 1). Pending before the court are the Motion to Dismiss (Doc. 12) (the "Motion") filed on October 28, 2009, by Defendants Bobby and Nancy Elrod (the "Elrods"), and the related Joinder in the Motion to Dismiss Filed by Bobby Elrod and Nancy Elrod (Doc. 13) (the "Joinder Motion") filed on November 3, 2009, by Defendant Richard Ballew ("Ballew").

The Motion seeks to "dismiss the declaratory judgment action and/or abstain from hearing the same" on the basis of the pendency of the related underlying action filed in the Circuit Court of Etowah County, Alabama on May 24, 2006, *i.e.*, *Bobby and Nancy Elrod v. Richard Ballew, individually and doing business as Quality Construction*, CV 06-641-WHC (the "Underlying Action").  (Doc. 12 ¶ 5; Doc 13 at Ex. A).  Similarly, the Joinder Motion requests that this court "dismiss, or in the alternative stay, this insurance coverage declaratory judgment lawsuit[.]"  (Doc. 13 at 14).

Owners filed its collective response to the motions (Doc. 14) on November 5, 2009.  On November 6, 2009, Ballew filed a reply.  (Doc. 15).  On June 2, 2011, the Elrods filed a "supplement" to their Joinder Motion  (Doc. 20), and Owners filed its response (Doc. 21) on June 3, 2011.  The Elrods then followed with a reply (Doc. 22) on June 8, 2011.  On June 9, 2011, the court conducted a hearing in this case in Anniston, Alabama.

The court has considered the parties' filings and arguments presented at the hearing.  Based upon an application of the discretionary factors discussed and other guidance provided in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005), as well as other case authorities, the court concludes that abstention is not appropriate in this situation.  The court further determines that the Elrods are proper

2

parties to this insurance coverage dispute.  Accordingly, the Motion and the Joinder

Motion, as supplemented, are **DENIED**.

## II.    STANDARD

In *Ameritas*, the Eleventh Circuit addressed how a district court should

evaluate whether proceeding with a declaratory judgment coverage action in federal

court is appropriate when a related state court case is pending:

> The Declaratory Judgment Act is "an enabling Act, which confers
> a discretion on courts rather than an absolute right upon the litigant."
> *Wilton*, 515 U.S. at 287, 115 S. Ct. 2137 (citations omitted). It only
> gives the federal courts competence to make a declaration of rights; it
> does not impose a duty to do so. *Brillhart v. Excess Ins. Co. of America*,
> 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).  In fact, in
> cases such as this, the Supreme Court has expressed that "<u>it would be
> uneconomical as well as vexatious for a federal court to proceed in a
> declaratory judgment suit where another suit is pending in a state court
> presenting the same issues, not governed by federal law, between the
> same parties</u>." *Id.* at 495, 62 S. Ct. 1173. The Supreme Court has
> warned that "[g]ratuitous interference with the orderly and
> comprehensive disposition of a state court litigation should be avoided."
> *Id.*  This warning should be heeded.

> Guided by these general principles expressed by the Supreme
> Court, as well as "the same considerations of federalism, efficiency, and
> comity that traditionally inform a federal court's discretionary decision
> whether to abstain from exercising jurisdiction over state-law claims in
> the face of parallel litigation in the state courts," we provide the
> following factors for consideration to aid district courts in balancing
> state and federal interests.

> > (1) the strength of the state's interest in having the issues
> > raised in the federal declaratory action decided in the state

courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

<u>Our list is neither absolute nor is any one factor controlling; these are merely guideposts</u> in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*.

*Ameritas*, 411 F.3d at 1330-31 (emphasis added) (footnotes omitted).

4

## III.   ANALYSIS

### A.   Parallel State Court Action Requirement

Preliminarily, *Ameritas* references that its list of abstention factors applies when a federal court is "face[d] [with] parallel litigation in [a] state court[]." *Id.*, 411 F.3d at 1330 (emphasis added).  However, *Ameritas* does not expressly define this terminology.

As one district court within this circuit has recognized regarding the parallel state court action requirement:

> The Eleventh Circuit does not appear to have squarely held that the discretion not to exercise jurisdiction over a declaratory judgment action depends on the existence of a parallel state lawsuit. *Thomas* involved a scenario where there was no state-court action at all, so the Eleventh Circuit might find that a related (but not parallel) state lawsuit suffices to trigger some form of limited discretion. Several other circuits have so held.  *See, e.g., Detco*, 426 F.3d at 998-99 (discretion remains, albeit in more limited form, in deciding whether to exercise jurisdiction over a declaratory judgment action where there is no parallel state-court action); *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 394 (5th Cir. 2003) ("The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action...."); *Aetna Cas. & Sur. Co. v. Ind-Com. Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998) ("There is no requirement that a parallel proceeding be pending in state court before a federal court should decline to exercise jurisdiction over a declaratory judgment action.").  Even in those decisions, however, it has been recognized that the lack of a pending parallel proceeding "is a factor that weighs strongly against dismissal."  *Sherwin-Williams*, 343 F.3d at 394.

*Atlantic Cas. Ins. Co. v. GMC Concrete Co., Inc.*, No.  07-0563-WS-B, 2007 WL

4335499, at *3 n.11 (S.D. Ala. Dec. 7, 2007) (emphasis added).

This court assumes for the purposes of the Motion and the Joinder Motion that the abstention doctrine may extend to related state court litigation even if the lawsuit is not exactly parallel to the issues before the federal court.  Alternatively, this court concludes that the Underlying Action is sufficiently parallel to or connected with the federal coverage litigation pending before it that such an assessment of the *Ameritas* abstention factors is appropriate.

### B.   *Ameritas* Factors

Despite the assumption that the Eleventh Circuit would allow the abstention doctrine to apply in cases involving a related, but perhaps unparallel, state court action, an analysis of the *Ameritas* factors demonstrates that abstention is not called for in this instance.  In particular, the court first turns to factors numbers two and three and evaluates "whether the judgment in the federal declaratory action would settle the controversy" and "whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue[.]"  *Ameritas*, 411 F.3d at 1331.

In this declaratory judgment action, Owners seeks as one of its declarations from this court that it has no duty to defend (and relatedly no duty to indemnify) Defendant Ballew in the Underlying Action because of a failure by its insured, *i.e.*,

6

"Richard Ballew Quality Construction," to give proper notice under the Commercial General Liability Policy (No. 024617-38943813) (the "Policy") about the claims brought by the Elrods against Defendant Ballew in the Underlying Action stemming from the construction of their house.  (Doc. 1 ¶¶ 6, 16, 23 ("Ballew failed to send Owners copies of legal papers received by him in connection with the Elrods' lawsuit, and thereby failed to comply with a condition precedent to coverage.").  Therefore, this case is significantly distinguishable from those examples in which the insurer's duty to its insured turns entirely upon the facts developed in the Underlying Action such that abstaining from hearing the federal case is appropriate.  *Cf., e.g., Penn Millers Ins. Co. v. AG-Mart Produce, Inc.*, No. 8:05-CV-1852-T-17TBM, 2006 WL 2864402, at *1 (M.D. Fla. Oct. 5, 2006) ("In *Northland*, it was determined that a declaratory judgment cannot be properly granted when the insurer's duty to indemnify is <u>wholly dependent</u> on the outcome of essential claims at the trial level.") (emphasis added) (citing *Northland Casualty Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1361-1362 (M.D. Fla. 2001)).

Put differently, even if the facts developed in the Underlying Action confirm that Ballew's acts are acts within the scope of coverage under the Policy and/or a jury

returns a verdict in favor of the Elrods and against Ballew in the Underlying Action,[1] Owners may still avoid covering Ballew under the Policy if it prevails on its notice defense. Therefore, coverage under the Policy due to Ballew's alleged untimely notice to Owners is not contingent upon the proceedings in the Underlying Action. Therefore, going forward with the declaratory judgment action "would serve a useful purpose in clarifying the legal relations at issue" and could wholly "settle the controversy" over Owners' duty to defend and to indemnify Ballew without reference to any of Ballew's conduct with respect to the Elrods. *Ameritas*, 411 F.3d at 1331.

In *Penn Millers*, the district court was faced with deciding whether it should let a declaratory judgment action proceed on "the issue of punitive damages and indemnification." *Id.*, 2006 WL 2864402, at *2. In abstaining, the court there reasoned:

> Bringing before the bench a question of punitive damages indemnification would not settle any controversy (in a state or federal setting) because it necessarily follows that the state court must first hand

---

[1] As Ballew correctly observes, there is a chance that the duty to defend and the duty to indemnify may become moot as a result of the ongoing proceedings in and the age (*i.e.*, "pending since mid-2006") of the Underlying Action. (Doc. 15 at 4). For example, a jury verdict in favor of Ballew in state court that was not appealed by the Elrods would end the coverage dispute in this court. However, the mere possibility that the outcome of a state court case could moot the contested coverage issue(s) does not, by itself, mandate abstention, especially when one of the defenses relied upon by the insurer is factually independent from those which relate to the insured's liability *vel non* to a third party.

down its ruling in order to proceed with the question of indemnification. Another guideline considered by *Ameritas* is the determination of whether this federal declaratory action serves a useful purpose in terms of clarifying the legal relations at issue. *Id.* (emphasis added). It is the view of this Court that clarification can only be determined upon resolution of the state proceeding. Furthermore, a third guideline posed by *Ameritas* asks whether the underlying factual issues are important to resolving the case. *Id.* Again, the facts from the state court must be resolved in order to proceed in federal court.

*Penn Millers*, 2006 WL 2864402, at *2 (emphasis added).

Here, unlike *Penn Millers*, "the state court [does not have to] first hand down its ruling in order to proceed with" addressing Owners' notice defense and "the facts from state court [do not require] resol[ution] in order to proceed in federal court." *Id.*, 2006 WL 2864402, at *2. Indeed, while Owners has been conditionally allowed into the Underlying Action as an intervenor, "any other matters relating to intervention are reserved by the [circuit] court" (Doc. 14 at Ex. C (emphasis omitted)), and it is unclear the extent to which any of the facts pertinent to notice have been developed in the state forum. (*See* Doc. 14 ¶ 8 ("In granting Owners' Motion to Intervene, the court limited Owners' participation to discovery only."); *id.* ("The Elrods and Ballew can point to no pleading filed by Owners which requests the Etowah County Court to decide the coverage issues presented in Owners' Declaratory Judgment Action in this case."); *see also* Doc. 15 at 3 ("Determination of the notice issue is going to require discovery, and, ultimately, a jury trial.") (emphasis added)).

9

For example, there is no indication in the filings before this court that the issue of proper notice by Ballew to Owners under the Policy has already been or is being addressed in the Underlying Action.  (*See also* Doc. 14 at 4 ¶ 8 ("The Elrods and Ballew can point to no pleading filed by Owners which requests the Etowah County Court to decide the coverage issues presented in Owners' Declaratory Judgment Action in this case.")).  Accordingly, this is not comparable to a situation in which the state and federal venues are simultaneously addressing identical issues litigated by the same parties at the risk of arriving at inconsistent coverage determinations.  *See, e.g., The Mut. Life Ins. Co. of New York v. Adams*, 972 F. Supp. 1386, 1389 (N.D. Ala. 1997) ("The Court explained that '[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'") (emphasis added) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)) (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).

Also, Owners' filing of its declaratory judgment action does not appear to be an obvious exercise in "procedural fencing" designed to win "a race for res judicata or to achieve a federal hearing in a case otherwise not removable[.]" *Ameritas*, 411 F.3d at 1331.  Instead, the scope of the issues and related factual underpinnings to be

10

decided in the Underlying Action are distinct from the circumstances surrounding the late notice defense to be litigated in this court.[2]

Moreover, Alabama's interest in having the notice issue decided by the state circuit court in the Underlying Action is not nearly as strong as Florida's interest was in *Penn Millers*.  In  particular, unlike the status of coverage for punitive damages under Florida law, there is no suggestion that the defense of late notice is an unsettled and/or complicated area of Alabama law, such that a state court would be better equipped to decide the issue and/or that a federal court's involvement would potentially cause "friction" between the venues.  *Ameritas*, 411 F.3d at 1331. Similarly, there is no indication that the "state trial court is in a better position to evaluate th[e] factual issues [pertaining to notice] than is the federal court[.]"  *Id.* Therefore, for all these reasons, a weighing of the *Ameritas* factors favors proceeding to the merits of this declaratory action.

## C.    Owners' Delay in Raising Defense of Notice

In his reply, Ballew asserts, without citing to any authority, that due to the two year time elapse between when Owners learned about the underlying state court case

---

[2]  The court acknowledges that the other declaratory counts raised by Owners in its complaint involve coverage issues that are more closely tied to the facts developed and dispositive outcomes reached in the Underlying Action.  However, *Ameritas* does not suggest that abstention is appropriate merely because of the presence of some overlap between the state and federal court proceedings.

and when it filed this federal action during the fall of 2009, "[e]ven if Owners may ultimately have an argument with respect to indemnity, it is now too late for Owners to obtain a declaration that Ballew's allegedly late notice eliminates its <u>defense</u> obligation." (Doc. 15 at 3; *see also id.* at 4 ("Because Owners waited over two years to raise the late notice issue in this Court, it is too late for it to get a determination on the duty to defend issue.")). This court need not address this unsupported and underdeveloped contention. *See, e.g., Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Moreover, to accept Ballew's point as a valid basis for abstaining, this court would have to prejudge the merits of Owners' notice defense without the benefit of a record of the material facts surrounding notice under the Policy. Indeed, as <u>Ballew</u> fully acknowledges, "[d]etermination of the notice issue is going to require discovery, and, ultimately, a jury trial." (Doc. 15 at 3). Finally, to the extent that Owners' delay is a valid basis for this court to consider in determining the abstention issue, the court finds that the other factors analyzed above which are against abstention substantially

12

outweigh this particular one (and any of the others) that arguably favor it.

### D.     The Elrods' Supplement to the Joinder Motion

In their "supplement" to the Joinder Motion, the Elrods maintain that they "are not proper parties to this lawsuit."  (Doc. 20 ¶ 1).  The Elrods further indicate that they intend to seek Rule 11 damages if they are not voluntarily dismissed by Owners. (*Id.* ¶ 2).

In response, Owners cites to several cases, including *Ranger Ins. Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1973),[3] in which the former Fifth Circuit affirmed a district court's dismissal of an insurance coverage action for the failure to join, as parties to that action, the plaintiffs in the underlying action against the insured.  *Id.* at 683 ("[W]e conclude that the claimants are indispensable parties under the conventional Rule 19(b) approach."); *see also Central Sur. & Ins. Corp. v. Norris*, 103 F.2d 116, 117 (5th Cir. 1939) ("It would be very inconvenient if the federal court should, these plaintiffs not being parties, decide that the policy does not apply, and the Corporation should not defend the actions and the plaintiffs should recover and then the State court should decide the policy does apply."); *id.* ("They ought to be retained as parties to be heard on it and to be bound by the result.")

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(citation omitted).

The court is unaware of any authority from the Eleventh Circuit that overrides either *Ranger* or *Norris*, and the Elrods' attempts to distinguish these and other similar holdings (Doc. 22 at 1-2) are unavailing.  Specifically, the Elrods have not cited to any authority that supports their dismissal from this coverage case because of Owners' intervenor status in the Underlying Action for the purposes of discovery.

Also, while the Elrods suggest that "Owners has participated in discovery for the specific purpose of determining, ***in state court***, all coverage issues relating to the claims filed by the Elrods against Ballew" (Doc. 22 at 1), Owners disputes this, and no party has filed in a document  which confirms that Owners has pursued coverage discovery in state court.  As a result, the court rejects the Elrods' supplemental dismissal argument because it is at odds with undisturbed pre-*Bonner* binding precedent, and the court is otherwise unpersuaded by the Elrods' arguments.

IV.   **CONCLUSION**

Accordingly, for the foregoing reasons, the Motion is **DENIED**, the Joinder Motion, as supplemented, is **DENIED**, and the stay previously entered in this case (Doc. 16) is **HEREBY LIFTED**.  Further, the parties are **HEREBY ORDERED** to hold a parties' planning meeting and file a report of that meeting with the court within 20 days of the entry date of this order.

**DONE** and **ORDERED** this the 14th day of June, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge